**CASE NO. 22-11782-DD**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

MARBELLA AT SPANISH WELLS 1 CONDOMINIUM
ASSOCIATION, INC.,

*Plaintiff-Appellee*,

v.

EMPIRE INDEMNITY INSURANCE COMPANY,

*Defendant-Appellant,*

ZURICH AMERICAN INSURANCE COMPANY,

*Defendant.*

---

On Appeal from the United States District Court
for the Middle District of Florida
No. 2:21-cv-00641-SPC-KCD

---

## APPELLEE'S BRIEF

---

Ugo Colella, Esq.
COLELLA ZEFUTIE LLC
1300 I Street, N.W., Suite 400
Washington, D.C. 20005
Phone: (202) 920-0880 ext. 101
Fax: (202) 920-0894 ucolella@czlaw.com


*Attorney for Plaintiff-Appellee*

**CERTIFICATE OF INTERESTED PERSONS BY MARBELLA AT SPANISH WELLS 1 CONDOMINIUM ASSOCIATION, INC.**

Pursuant to Federal Rules of Appellate Procedure 26.1 and 28(a)(1), and 11th Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellee, Marbella at Spanish Wells 1 Condominium Association, Inc., files this Certificate of Interested Persons & Corporate Disclosure Statement.  The following is a full and complete list of all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal.

1.    Guardian Group Claims Consulting, LLC

2.    Marbella at Spanish Wells 1 Condominium Association, Inc.

3.    Standpoint Construction, LLC

4.    Standpoint Management, LLC

*/s/ Ugo Colella*
Ugo Colella

## CERTIFICATE OF INTERESTED PERSONS BY EMPIRE

Pursuant to Federal Rules of Appellate Procedure 26.1 and 28(a)(1), and 11th Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellant, Empire Indemnity Insurance Company, files this Certificate of Interested Persons & Corporate Disclosure Statement. The following is a full and complete list of all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal.

5.     Butler Weihmuller Katz Craig LLP – Counsel for Appellant

6.     J. Pablo Caceres – Appellate Counsel for Appellant

7.     Christian Lee González-Rivera – Appellate Counsel for Appellant

8.     Empire Indemnity Insurance Company – Appellant

9.     Marbella at Spanish Wells 1 Condominium Association, Inc. – Appellee

10.     Ugo Colella – Appellate Counsel for Appellee

11.     Colella Zefutie LLC – Counsel for Appellee

*/s/ Christian Lee González-Rivera*
Christian L. Gonzalez-Rivera

**APPELLEE'S CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. R. 26.1-1, Appellee Marbella at Spanish Wells 1 Condominium Association, Inc. makes the following corporate disclosure statement:

Appellee states that it is not a public corporation and no publicly-held entity owns 10% or more of its stock.

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellee Marbella at Spanish Wells 1 Condominium Association, Inc. ("Marbella") does not believe that oral argument is warranted in this case because Defendant-Appellant Empire Indemnity Insurance Company ("Empire") is appealing a non-appealable order, divesting this Court of jurisdiction to hear the appeal. If this Court concludes that it has jurisdiction to consider the merits of this appeal, Marbella respectfully requests oral argument.

# TABLE OF CONTENTS

**Page**

STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION…………………………………………………1

STATEMENT OF THE ISSUES…………………………………………………..2

STATEMENT OF THE CASE……………………………………………………3

  I.   Introductory Statement……………………………………………………3

  II.   Facts and Procedural Background………………………………………...5

STANDARD OF REVIEW………………………………………………………...9

SUMMARY OF THE ARGUMENT……………………………………………..10

ARGUMENT……………………………………………………………………...12

  I.   THIS APPEAL SHOULD BE DISMISSED BECAUSE THE DISTRICT
      COURT'S INTERLOCUTORY ORDER COMPELLING APPRAISAL IS
      NOT APPEALEABLE………………………………………………………..12

  II.   MARBELLA WAS NOT REQUIRED TO ASSERT A CAUSE OF
      ACTION FOR SPECIFIC PERFORMANCE TO COMPEL
      APPRAISAL………………………………………………………………….12

  III.   MARBELLA WAS NOT REQUIRED TO COMPEL APPRAISAL
      THROUGH A SUMMAR JUDGMENT MOTION………………………18

  IV.   THE DISTRICT COURT CORRECTLY HELD THAT MARBELLA'S
      SUPPLEMENTAL CLAIM SHOULD BE SUBMITTED TO
      APPRAISAL………………………………………………………………….20

  V.   THE DISTRICT COURT CORRECTLY REFUSED TO REWRITE THE
      APPRAISAL PROVISION AND ADD NEW TERMS THAT EMPIRE
      FAILED TO INCLUDE IN ITS POLICY…………………………………23

CONCLUSION…………………………………………………………………...24

i

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*American Capital Assurance v. Leeward Bay at Tarpon Bay Condominium Association, Inc.*, 306 So.3d 1238 (Fla. 2d Dist. Ct. App. 2020)…………………22

*Berkshire Life Ins. Co. v. Adelberg*,
 698 So. 2d 828 (Fla. 1997)………………………………………………………….23

*Calusa Bay North Condominium Ass'n, Inc. v. Empire Indem. Ins. Co.*,
No. 2:21-cv-540, 2022 WL 6162704 (M.D. Fla. Sept. 30, 2022)……………passim

*Castigliano v. O'Connor*,
911 So. 2d 145 (Fla. 3d Dist. Ct. App. 2005)………………………………………..14

*Castillo at Tiburon Condo. Ass'n v. Empire Indem. Ins. Co.*,
No. 20-cv-468, 2021 U.S. Dist. LEXIS 185287 (M.D. Fla. Sept. 28, 2021)….13,14

*Citizens Prop. Ins. Corp. v. Casar*,
104 So. 3d 384 (Fla. 3d Dist. Ct. App. 2013)………………………………………..16

*Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo Ass'n, Inc.*,
117 So. 3d 1226 (Fla. 3d Dist. Ct. App. 2013)………………………………………15

*CMR Construction & Roofing, LLC v. Empire Indemn. Corp.*,
843 F. App'x 189 (11th Cir 2021)…………………………………………………...16

*CMR Construction & Roofing, LLC v. Empire Indemn. Corp.*,
No. 2:18-cv-779, 2019 WL 2281678 (M.D. Fla. May. 29, 2019)…………….15,19

*Creekside Crossing Condo. Ass'n, Inc. v. Empire Indemn. Ins. Co.*,
No. 2:20-cv-136, 2022 WL 780950 (M.D. Fla. Mar. 15, 2022)…………………..19

*Emergency Assocs. of Tampa, PA v. Sassano*,
664 So. 2d 1000 (Fla. 2d Dist. Ct. App. 1995)………………………………...17,23

*Fla. Ins. Guar. v. Sill*,
154 So. 3d 422 (Fla. 5th Dist. Ct. App. 2014)………………………………………15

*First Protective Ins. Co. v. Colucciello*,
276 So. 3d 456 (Fla. 5th Dist. Ct. App. 2019)…………………………………….20

*Hepp v. Paul Revere Life Ins. Co.*,
120 F. Supp. 3d 1328 (M.D. Fla. 2015)…………………………………………...16

*Humphrys v. Jarrell*,
104 So. 2d 404 (Fla. 2d Dist. Ct. App. 1958)……………………………………..14

*Judy v. Judy*,
291 So. 3d 651 (Fla. 2d Dist. Ct. App. 2020)…………………………………17,23

*Managed Care Advisory Group, LLC v. United Healthcare of North Carolina*,
No. 21-10247, 2022 WL 792267 (11th Cir. Mar. 16, 2022)……………………...10

*McLaurin v. Terminix Int'l Co.*, LP,
13 F. 4th 1232 (11th Cir. 2021)…………………………………………………...10

*Merrick v. Condo Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co.*,
315 So. 3d 45 (Fla. 4th Dist. Ct. App. 2021)…………………………………..15,17

*MSP Recovery Claims, Series LLC v. Metropolitan Gen. Ins. Co.*,
40 F.4th 1295 (11th Cir. 2022)……………………………………………………22

*People's Tr. Ins. Co. v. Fernandez*,
317 So. 3d 207 (Fla. 3d Dist. Ct. App.2021)……………………………………...17

*People's Trust Ins. Co. v. Marzouka*,
320 So. 3d 925 (Fla. 3d Dist. Ct. App. 2021)……………………………………..16

*People's Trust Ins. Co. v. Nowroozpour*,
277 So. 3d 135 (Fla. 4th Dist. Ct. App. 2019)……………………………………13

*Positano Place at Naples III Condominium Ass'n, Inc. v. Empire Indemn. Ins. Co.*,
No. 21-cv-181-SPC-NPM, 2021 WL 1610090
(M.D. Fla. Apr. 26, 2021)………………………………………………………...16,19

*Shealey v. Geovera Specialty Ins. Co.*,
No. 6:18-cv-1635-Orl-31GJK, 2019 WL 1093447 (M.D. Fla. Jan. 20, 2019)……14

*Skyjet, Inc. v. CSDS Asset Management, LLC*,
No. 22-cv-21651, 2022 WL 4769113 (S.D. Fla. July 7, 2022)……………….....14

*Smith v. Psychiatric Solutions, Inc.*,
750 F.3d 1253 (11th Cir. 2014)………………………………………………...20

*State Farm Fire & Cas. Co. v. Middleton*,
648 So. 2d 1200 (Fla. 3d Dist. Ct. App. 1995)…………………………………22

*Sunshine State Ins. Co. v. Rawlins*,
34 So. 3d 753 (Fla. 3d Dist. Ct. App. 2010)……………………………………21

*Swann v. Secretary, Georgia*,
668 F.3d 1285 (11th Cir. 2012)………………………………………………...19

*U.S. Fid. & Guar. Co. v. Romay*,
744 So. 2d 467 (Fla. 3d Dist. Ct. App. 1999)………………………………….14

*Washington Nat. Ins. Corp. v. Ruderman*,
117 So. 3d 943 (Fla. 2013)……………………………………………………..23

*Waterford Condo Ass'n of Collier Cty., Inc. v. Empire Indemn. Ins. Co.*,
No. 2:19-cv-81, 2019 U.S. Dist. LEXIS 138930 (M.D. Fla. Aug. 16, 2019)

*Williams v. SunTrust Banks, Inc*.,
280 F. App'x 885 (11th Cir. 2008)……………………………………………..19

**RULES**

Fed. R. Civ. P. 56…………………………………………………………...5

Fed. R. Civ. P. 65…………………………………………………………...5

iv

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The District Court has original diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1).  However, this Court lacks appellate jurisdiction because an order compelling appraisal is a non-final, interlocutory order that is not appealable.  28 U.S.C. § 1292(a)(1).

## STATEMENT OF THE ISSUES

(1)    Is the District Court's order compelling Empire to participate in the appraisal process expressly set forth in its insurance contract a final, appealable order?  No.  The District Court's Order compelling appraisal was not a final, appealable order for all of the reasons set forth in Marbella's August 15, 2022 response to this Court's supplemental jurisdictional question, which operated as a motion to dismiss for lack of jurisdiction.  Accordingly, this appeal should be dismissed.

(2)    Is Marbella required to prove that it's entitled to specific performance to obtain an order compelling appraisal?  No.  Marbella was not required to plead or prove the elements of injunctive relief or specific performance because an order compelling appraisal is neither an order of specific performance nor an injunction.

(3)    Is Marbella required to obtain a favorable merits determination on summary judgment before it is entitled to compel appraisal?  No.  Appraisal is an extra-judicial remedy that quantifies the amount of Marbella's loss, but leaves all other merits and coverage issues, if any, for the court.

(4)    Did the District Court abuse its discretion in ordering a previously-denied, supplemental claim to be appraised?  No.  The District Court had wide discretion to order the supplement claim to appraisal and, under the terms of the policy, Empire retains the right to ultimately deny coverage on the supplemental

2

even if Marbella obtained a favorable appraisal award on the previously-denied claim.

(5)    Did the District Court err in refusing to impose guidelines for the appraisal process?  No.  Courts cannot rewrite insurance contracts and create new contractual requirements for agreements between private parties especially where, as here, the appraisal provision is unambiguous and was drafted by Empire.

## STATEMENT OF THE CASE

### I.    Introductory Statement

Empire has carpet-bombed the Eleventh Circuit with at least half-a-dozen Hurricane Irma-related appeals, each of which raises the same exact challenges to a contractually-mandated appraisal process.  The appraisal provision at issue is one that large insurance companies like Empire created, and that Empire decided to include in all its insurance policies.  Now, Empire wants out of its contracts with insureds, at least to the extent that Empire loses—as it almost always does—on the question of whether appraisal should be compelled.  After losing, Empire's playbook is to delay these cases as long as possible by over-litigating straightforward issues of contract interpretation and then appealing non-appealable orders.  Marbella is just the latest victim of this strategy.

Most of Empire's brief (which really reads like that of an *amicus curiae*) is a boring, long-winded, inaccurate, and ultimately irrelevant trip through the history of

3

appraisal.  Empire focuses on what the law ***should be*** for large insurance companies.  Unfortunately for Empire, its perfect world is divorced from reality, Florida law, and the law of this Circuit.  Indeed, Empire's brief is chock full of over-stuffed rambling footnotes, string cites, and insurance-company-created white papers—as well as biased articles and "treatises" written by insurance adjusters and attorneys, who make their living representing insurance companies.  Noticeably absent from Empire's narrative is any mention that the appraisal process is a creature of contract created by the insurance companies, or the fact that Empire voluntarily and specifically decided to include appraisal in all its insurance policies.[1]

Empire's "history" of appraisal, which ironically paints Empire and large insurance companies as a ***victim*** for having to follow their own contract terms, confirms the extreme lengths that insurance companies will go to avoid their statutory and contractual obligations to reasonably investigate and timely pay meritorious insurance claims.  Empire's narrative is particularly troubling because

---

[1]    Perhaps the District Court in a recent case said it best when it noted, in one of the many of Empire's cases on appeal raising the same issues, as follows:

> Rather than submitting to an appraisal provision it inserted into its own insurance contract, Empire now attempts to circumvent the appraisal process.  And, its reasons for doing so have not only multiplied and delayed these proceedings, but are incorrect, misleading, and totally mischaracterize the case law on appraisal.

*See Calusa Bay North Condominium Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-540, 2022 WL 6162704, at *5 (M.D. Fla. Sept. 30, 2022).

the entire purpose of the appraisal provision and process is to avoid unnecessary litigation. Empire has gutted that intent and turned the appraisal process upside-down by creating endless and time-wasting court litigation.

Although Empire's erroneous narrative of the history of appraisal entirely misses the point that appraisal was intended as an alternative dispute resolution procedure to avoid unnecessary litigation, it's also irrelevant. This Court should ignore it and get to the very straightforward contract question that underlies all the issues presented in this appeal: Should Empire be compelled to participate in the appraisal process where, as here, the parties disagree about the amount of Marbella's loss? Of course it should—that's what Empire's policy, in plain English, demands.

Empire never disputes that it's subject to the appraisal provision set forth in its policy. Instead, in appeal after appeal in this Court, Empire claims that various federal rules—Fed. R. Civ. P. 56 governing summary judgment, and Fed. R. Civ. P. 65 governing injunctions—somehow modify or otherwise impose extra-contractual obligations on Marbella to obtain the benefit of its bargain. As we will demonstrate, Empire is wrong because it misreads its own policy, the federal rules, and ignores and improperly seeks to gut the purpose of appraisal.

## II.    Facts and Procedural Background

On September 10, 2017, Hurricane Irma caused significant damage to Marbella's property (the "Property"). [R. Vol. I at 91]. Empire previously issued to

Marbella a commercial property insurance policy (the "Policy") that was in effect at the time Irma struck. [R. Vol. II at 486]. The Policy contained an appraisal term as an alternative dispute resolution mechanism in the event the parties had a disagreement about the amount of the loss to the Property. [R. Vol. II at 486]. The appraisal provision states in relevant part:

> It we and you disagree on . . . the amount of the loss, either may request an appraisal of the loss, in writing. In this event, each party will select a competent impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the . . . amount of the loss. If they fail to agree, they will submit their differences to an umpire. A decision agreed to by any two will be binding. . . . [¶] If there is an appraisal, we will still retain our right to deny the claim.

[R. Vol. II at 486].

Empire conceded coverage, but the parties disagreed about the amount of the loss to the Property. [R. Vol. II at 487]. The parties first attempted a mediation, but that didn't resolve the dispute. [R. Vol. II at 487]. Marbella thereafter invoked the appraisal provision of the Policy and demanded that the parties engage in the appraisal process. [R. Vol. II at 487]. Thereafter, Empire repudiated the Policy and refused to submit to appraisal, forcing Marbella to file suit in state court. [R. Vol. I at 60-63]. The case was later removed to federal court. [R. Vol. I at 14-59].

In its Complaint, Marbella alleged that Empire breached the Policy in a number of ways, including its failure to properly investigate the damage to the

Property and subsequently pay for the loss. [R. Vol. I at 60-63]. Nothing of substance happened in the District Court until Marbella filed its motion to compel appraisal. [R. Vol. I at 91-179]. On April 6, 2022, the Magistrate Judge granted the motion. [R. Vol. II at 485]. The Magistrate Judge's reasoning was simple and straightforward: Marbella "meets the requirement for appraisal because [it] sustained a covered loss and a dispute has arisen as to the total amount of the loss." [R. Vol. II at 491]. Empire did not dispute this key issue.

The Magistrate Judge rejected Empire's opposition arguments, three of which Empire continues to press on appeal. [R. Vol. II 491- R. Vol. III at 502]. <u>First</u>, the Magistrate Judge rejected Empire's argument that Marbella was required to plead and prove a right to injunctive relief to obtain an order compelling appraisal. [R. Vol. II at 493-94]. The court reasoned that the appraisal process is not remedial but rather a form of alternative dispute resolution. [R. Vol. II at 493-94]. <u>Second</u>, the Magistrate Judge rejected Empire's argument that Marbella's window-damage claim should not be submitted to appraisal because it was an untimely, supplemental claim. [R. Vol. II at 494-98]. The court concluded that "the issue of the timing of the notice is one of coverage, which may be determined by the Court *after* appraisal as to the amount occurs." [R. Vol. II at 497] (original emphasis). <u>Third</u>, the Magistrate Judge rejected Empire's contention that Marbella's motion was an unsupported motion for summary judgment. [R. Vol. III at 501-02]. The court held

that "appraisal will not dispose of any claim or defense—and instead will simply narrow the issues before the Court." [R. Vol. III at 502].

Empire appealed to the District Court, but lost again. [R. Vol. III at 538-45]. The District Court adopted *in toto* the Magistrate Judge's Report and Recommendations. [R. Vol. III at 538]. Like the Magistrate Judge, the District Court's top-level conclusion was straightforward:

> [A]s a remedy for the harms caused by Hurricane Irma, Marbella seeks to recover the benefits due under the policy in the form of a judgment for monetary damages. The appraisal will be but one step in this process, supplying an extra-judicial mechanism to calculate the amount of the loss.
>
> * * * * * * * * * *
>
> The Court's source of authority to order the parties to participate in an alternative dispute process comes from its subject-matter jurisdiction over a contract dispute where the contract contains a provision where the parties contracted for the right to have amount-of-loss disputes decided informally by experienced appraisers.

[R. Vol. III at 540-41]. The District Court rejected Empire's arguments largely for the same reasons articulated by the Magistrate Judge[2] and likewise rejected

---

[2]    *See* [R. Vol. III at 538-45] ("The problem for Empire is that the appraisal process is not remedial. Just as an order requiring the parties to attend mediation is not remedial, participation in the appraisal process will not remedy the damages caused by Hurricane Irma."); [R. Vol. III at 541] ("[B]ecause appraisal will not dispose of any claims or defenses, the Court does not treat the motion to compel appraisal as one for summary judgment."); [R. Vol. III at 543] ("[T]here is at least a dispute over whether the windows are covered. The Court has discretion over the relative timing of appraisal and coverage determinations, and requiring appraisal as

Empire's demand that the Court add terms to the appraisal provision with certain "judicial guarantees" or "minimal guidelines."  [R. Vol. III at 542].

Within just a few weeks after twice losing in the lower court, Empire filed this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1).  [R. Vol. III at 546-75].  On July 11, 2022, the District Court stayed all proceedings in the District Court until this Court either dismisses this appeal for lack of jurisdiction or decides the appeal on the merits.  [R. Vol. III at 625-27].  This Court, on August 1, 2022, ordered the parties to brief the question of whether the District Court's order compelling was appealable.  On August 15, 2022, Marbella responded to the Court's order and sought dismissal of this appeal for lack of jurisdiction.  On September 9, 2022, this Court determined that the threshold jurisdictional question should be carried with the merits of this appeal.

## STANDARD OF REVIEW

Marbella agrees with Empire that the District Court's order compelling appraisal is subject to *de novo* review, except with regard to one issue.  Brief of Appellant ("BOA"), at 21.  The District Court's decision to refer the Empire-denied, "supplemental" claim for windows and doors to appraisal should be reviewed for

---

to the buildings covered by the Policy will likely assist the Court when it later determines coverage." (internal quotations and citation omitted)).

abuse of discretion because it implicates the District Court's wide and almost unfettered discretion to control its docket and manage its cases.  *See McLaurin v. Terminix Int'l Co., LP*, 13 F. 4th 1232, 1237 (11th Cir. 2021).

## SUMMARY OF THE ARGUMENT

This appeal should be dismissed because the District Court's interlocutory order compelling appraisal is not a final, appealable order.  *See Managed Care Advisory Group, LLC v. United Healthcare of North Carolina*, No. 21-10247, 2022 WL 792267 (11th Cir. Mar. 16, 2022) (*per curiam*).  *See* Appellee's Response to Supplemental Jurisdictional Question (filed Aug. 15, 2022) (hereinafter, "Appellee's Motion to Dismiss"), at 4-12.  But, even if this Court concludes that it has jurisdiction to hear this appeal, the District Court's decision should be affirmed.

A consistent theme infects Empire's entire appeal:  The appraisal provision in the insurance policy that Empire drafted, and that Marbella paid for, should be disregarded in favor of court-drafted add-ons to the policy's terms.  Empire's approach, of course, turns back the clock on decades of precedent in which courts stay out of private-party bargains and enforce unambiguous contract terms—like the appraisal provision here—as written.  Worse still, Empire wants an infusion of federal power into contract enforcement and interpretation, arguing that federal courts should impose procedural burdens, pleading straightjackets, and additional requirements on policyholders that seek to enforce contractual rights that they

10

bargained for—in this case, the right to alternative dispute resolution in the form of appraisal.

This Court should deny Empire's extraordinary suggestion to re-write private contracts and insert inapplicable federal requirements into clear, bargained-for, private agreements that are governed by Florida contract law. Specifically, this Court should reject Empire's proposed requirement that Marbella should have sought appraisal through a cause of action for specific performance and only obtain appraisal after full-blown discovery and summary judgment motions practice. As a matter of substantive law, Empire doesn't understand specific performance, which requires a judgment on the merits. Marbella did not seek, and the District Court did not issue, a judgment on the merits of Marbella's breach-of-contract claim. As a matter of procedural law, Empire doesn't understand summary judgment either, which also is a decision on the merits—again, the District Court did not make a merits determination. Empire is thus asking this Court to go where no court has gone before by imposing on Marbella pleading and practice requirements that simply don't exist for non-insurance litigants under state or federal law.

Moreover, Empire's complaint about the District Court's referral of a previously-denied claim to appraisal ignores the broad discretion that the District Court had to manage its docket. The District Court was well within its discretion to order all loss disputes to appraisal and postpone the ultimate coverage determination

11

for a later time.  There simply is no prejudice to Empire in light of the plain terms of the policy, which preserves Empire's right to deny the claim despite appraisal.

Finally, the District Court correctly decided that it had no power to add terms to the appraisal provision that Empire drafted and included it its own policy.  There is no constitutional due process requirement for such terms.  Nor are the District Court's inherent powers a source from which to re-write an unambiguous private contract between Marbella and Empire.

## ARGUMENT

### I.  THIS APPEAL SHOULD BE DISMISSED BECAUSE THE DISTRICT COURT'S INTERLOCUTORY ORDER COMPELLING APPRAISAL IS NOT APPEALABLE.

As permitted by this Court's September 9, 2022 Order carrying Marbella's August 15, 2022 Motion to Dismiss with the merits of this case, and to avoid repetition, Marbella respectfully and fully incorporates by reference its arguments contained in its Motion to Dismiss.  For the reasons set forth in its Motion to Dismiss, this appeal should be dismissed because the District Court's Order compelling appraisal is not appealable.

### II.  MARBELLA WAS NOT REQUIRED TO ASSERT A CAUSE OF ACTION FOR SPECIFIC PERFORMANCE TO COMPEL APPRAISAL.

12

Empire first argues that Marbella was required to "sufficiently allege[] and prove[] entitlement to specific performance under Rule 65" to successfully compel appraisal.  BOA, at 24.  Empire is wrong for multiple reasons.

First, there is no federal rule of pleading or otherwise that requires a plaintiff to seek appraisal through a specific cause of action—and certainly none that requires that a plaintiff bring a cause of action for specific performance where it seeks appraisal.  The cases and "scholarship" on which Empire relies (BOA, at 24-26 & nn.20-24) simply stand for the irrelevant and unexceptional proposition that a party seeking to compel appraisal through a cause of action for specific performance must properly plead and prove its entitlement to that remedy.  That is a far cry from Empire's contention that the cases ***require*** a showing of specific performance before appraisal can be compelled.  To the contrary, in addition to Empire's own case (*People's Trust Ins. Co. v. Nowroozpour*, 277 So. 3d 135 (Fla. 4th Dist. Ct. App. 2019)), the law is clear that parties can compel appraisal by motion, as Marbella did here, and there is no requirement that it plead a claim for injunctive relief.  *See Calusa Bay*, 2022 WL 6162704, at \*1-\*2 (compelling appraisal on motion and rejecting Empire's arguments that are made in this and other appeals before this Court); *Castillo at Tiburon Condo. Ass'n v. Empire Indem. Ins. Co.*, No. 20-cv-468-SPC-MRM, 2021 U.S. Dist. LEXIS 185287, at \*16-\*17 (M.D. Fla. Sept. 28, 2021) (compelling appraisal on plaintiff's motion and holding that a plaintiff does not have

to plead and prove requisite elements of injunctive relief to prevail on an appraisal request); *Shealey v. Geovera Specialty Ins. Co.*, No. 6:18-cv-1635-Orl-31GJK, 2019 WL 1093447, at *1 (M.D. Fla. Jan. 20, 2019), *report and recommendation adopted*, 2019 WL 1161630 (M.D. Fla. Sept. 30, 2019) (citing *U.S. Fid. & Guar. Co. v. Romay*, 744 So. 2d 467, 468 (Fla. 3d Dist. Ct. App. 1999)) (explaining that, under Florida law, an appraisal provision in an insurance policy is enforceable by a court upon a motion or a petition to compel appraisal). Empire has universally lost—and continues to lose—on this argument. *See, e.g.*, *Calusa Bay*, 2022 WL 6162704, at *1-*2; *Castillo at Tiburon Condo. Ass'n*, 2021 U.S. Dist. LEXIS 185287, at *16-*17.

Second, and perhaps most importantly, Empire misconstrues the doctrine of specific performance. "Specific performance shall only be granted when 1) the plaintiff is clearly entitled to it, 2) there is no adequate remedy at law, and 3) the judge believes that justice requires it." *Castigliano v. O'Connor*, 911 So. 2d 145, 148 (Fla. 3d Dist. Ct. App. 2005). Crucially, ***judgment on the merits*** is required prior to the issuance of a decree of specific performance. *See Skyjet, Inc. v. CSDS Asset Management, LLC*, No. 22-cv-21651, 2022 WL 4769113, at *6 (S.D. Fla. July 7, 2022); *Humphrys v. Jarrell*, 104 So. 2d 404, 408 (Fla. 2d Dist. Ct. App. 1958).

Here, Marbella never sought a judgment on the merits of its contract claim. Neither the Magistrate Judge nor the District Court construed Marbella's motion to

compel appraisal as seeking a merits determination.  Indeed, both judges below understood and agreed that Marbella's motion regarding appraisal was a preliminary, extra-judicial exercise that would require the parties to come back to court to continue litigating the merits of Marbella's claims and Empire's defenses (if any).  [R. Vol. III at 500-04; R. Vol. III at 538-45].[3]  It thus doesn't matter that Marbella "cannot satisfy" the elements of specific performance.  BOA, at 27 n.27. Empire's insistence that Marbella seek a decree of specific performance fundamentally misconstrues the purpose of appraisal and the doctrine of specific performance.[4]

---

[3]    "Appraisal is an extra-judicial means for parties to avoid litigation on the issue of damages and instead have appraisers – who have far more expertise than a court or jury in appraising property – to determine the amount of the loss."  *See Calusa Bay*, 2022 WL 6162704, at *1-*2 (citing *Fla. Ins. Guar. v. Sill*, 154 So. 3d 422, 424 (Fla. 5th Dist. Ct. App. 2014) (quoting *Citizens Prop. Ins. Corp. v. Mango Hill #6 Condo Ass'n, Inc*., 117 So. 3d 1226, 1230 (Fla. 3d Dist. Ct. App. 2013)).  As the District Court noted in *Calusa Bay*, "[a]lternative-dispute resolution mechanisms are neither performance terms of a contract for purposes of an equitable remedy, nor are they remedies in and of themselves for ameliorating the consequences of any breach."  *Calusa Bay*, 2022 WL 6162704, at *2.

[4]    As District Courts have noted, appraisal is a form of alternative dispute resolution that sets a disputed loss amount; it is not an injunctive remedy that requires additional proof.  *See Calusa Bay,* 2022 WL 6162704, at *2; *CMR Construction & Roofing, LLC v. Empire Indemn. Corp.*, No. 2:18-cv-779, 2019 WL 2281678, at * 3 (M.D. Fla. May. 29, 2019); *Merrick v. Condo Ass'n, Inc. v. Cypress Prop. & Cas. Ins. Co.*, 315 So. 3d 45, 49 (Fla. 4th Dist. Ct. App. 2021).

Third, compelling appraisal is not tantamount to injunctive relief. BOA, at 26. As Marbella demonstrated in its Motion to Dismiss this appeal, an order compelling appraisal is not injunctive. Appellee's Motion to Dismiss, at 4-12. Marbella incorporates that argument here.

Fourth, the right to compel appraisal is not a matter of federal procedure, but one of Florida substantive contract law. *Compare* BOA, at 30-33 (arguing that the right to appraisal is a matter of federal procedure) *with Hepp v. Paul Revere Life Ins. Co.,* 120 F. Supp. 3d 1328, 1334 (M.D. Fla. 2015) (applying Florida law and holding that insurance policies are contracts). An appraisal provision in an insurance contract is an agreement between parties bargaining at arm's-length to resolve an amount-of-loss dispute out of court. *See People's Trust Ins. Co. v. Marzouka*, 320 So. 3d 925, 947 (Fla. 3d Dist. Ct. App. 2021); *Positano Place at Naples III Condominium Ass'n, Inc. v. Empire Indemn. Ins. Co.*, No. 21-cv-181-SPC-NPM, 2021 WL 1610090, at *2 (M.D. Fla. Apr. 26, 2021); *Citizens Prop. Ins. Corp. v. Casar*, 104 So. 3d 384, 385 (Fla. 3d Dist. Ct. App. 2013) (explaining that Florida courts enforce an appraisal provision in an insurance contract via state contract law because "appraisals are creatures of contract."). This Court, and others, recognize

the benefits of such provisions.[5]  Indeed, Florida state courts view the appraisal procedure as mandatory, without any additional requirements or procedures, so long as the appraisal provision is unambiguous.[6]  Here, there has never been dispute as to whether the insurance policy contained an appraisal provision, and thus, Florida law governs and requires enforcement of the appraisal provision as written.

Accordingly, federal procedure has no bearing on whether appraisal should be compelled unless this Court wants to get into the prohibited practice of re-writing contracts under the guise of asserting federal power.  *See Judy v. Judy*, 291 So. 3d 651, 654 (Fla. 2d Dist. Ct. App. 2020) ("[C]ourts may not rewrite a contract or interfere with the freedom of contract or substitute their judgment for that of the parties thereto in order to relieve one of the parties from the apparent hardship of an improvident bargain." (internal quotations and citations omitted)); *Emergency Assocs. of Tampa, PA v. Sassano*, 664 So. 2d 1000, 1003 (Fla. 2d Dist. Ct. App. 1995) ("[W]hen the terms of a voluntary contract are clear and unambiguous, as

---

[5]    *See, e.g.*, *CMR Construction & Roofing, LLC v. Empire Indemn. Corp.*, 843 F. App'x 189, 193 (11th Cir. 2021); *Calusa Bay*, 2022 WL 6162704, at *2; *Merrick*, 315 So. 3d at 49.

[6]    *See, e.g.*, *People's Tr. Ins. Co. v. Fernandez*, 317 So. 3d 207, 210-11 (Fla. 3d Dist. Ct. App. 2021) (enforcing a party's valid invocation of a right to have amount of-loss issues determined by an appraisal panel; doing so upholds the terms of the policy and conserves the parties and trial court's resources by submitting those issues to a more cost-efficient and timely alternative to litigation).

here, the contracting parties are bound by those terms, and a court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties.").

Fifth, compelling appraisal through motion early in a case (as here) does not result in "arbitrary and unfair consequences." BOA, at 34-35. Empire's appraisal provision prescribes a number of protections for Empire; nothing more is required. For example, Empire is permitted to select its own appraiser, each appraiser is required to separately state the amount of the loss, and disputes between the appraisers are submitted to an impartial umpire for resolution (who can be court appointed). [R. Vol. II at 486]. Empire's musings about what an alternative "blueprint" for appraisal might look like (BOA, at 35 n.34) fundamentally defeats the purpose of appraisal and impermissibly re-writes the Marbella-Empire insurance policy. Simply put, if Empire wanted to create a detailed set of parameters for appraisal, it should have included those requirements and parameters in the appraisal provision that it drafted and included in its insurance policy.

## III.  MARBELLA WAS NOT REQUIRED TO COMPEL APPRAISAL THROUGH A SUMMARY JUDGMENT MOTION.

Empire next contends that Marbella can obtain an order to compel appraisal only through winning on summary judgment. BOA, at 35-38. Empire is wrong again. Empire's erroneous position is premised on the entirely fanciful assertion that, in granting Marbella's motion to compel appraisal, the District Court made a

final determination as to Empire's entitlement to damages.  Of course, as its decision plainly states, the District Court made no such determination.   [R. Vol. III at 540-41].  And therein lies the fatal flaw of Empire's argument.  Summary judgment is a final decision on the merits; appraisal is not.  *See Swann v. Secretary, Georgia*, 668 F.3d 1285, 1289 (11th Cir. 2012); *Williams v. SunTrust Banks, Inc.*, 280 F. App'x 885, 886 (11th Cir. 2008).[7]  The plain language of Empire's policy makes this very point.  [R. Vol. III at 557] ("If there is an appraisal, we will still retain our right to deny the claim.").[8]

The District Courts that have addressed Empire's argument in this Court have flatly rejected it, and correctly concluded that a party seeking to successfully compel appraisal does not need to file or prove the elements necessary to obtain summary judgment.  *See Calusa Bay*, 2022 WL 6162704, at *2; *Waterford Condo Ass'n of Collier Cty., Inc. v. Empire Indemn. Ins. Co.*, No. 2:19-cv-81, 2019 U.S. Dist. LEXIS 138930, at *3-*4 (M.D. Fla. Aug. 16, 2019); *Creekside Crossing Condo. Ass'n, Inc.*

---

[7]    *Positano*, 2021 WL 1610090, at *2 (M.D. Fla. April 26, 2021) ("[B]ecause appraisal will not dispose of any claims or defenses, the Court does not treat the motion to compel appraisal as one for summary judgment"); *CMR Construction*, 2019 WL 2281678, at * 3 ("Unlike a summary judgment motion, a determination of whether appraisal is appropriate does not determine whether there is a genuine disputed material fact or whether the moving party is entitled to a judgment").

[8]    The cases upon which Empire relies (BOA, at 35-38) all stand for the unexceptional proposition that a final damages award that is based on appraisal cannot be entered until the insurer's defenses are adjudicated on the merits.

*v. Empire Indemn. Ins. Co.*, No. 2:20-cv-136, 2022 WL 780950, at *2 (M.D. Fla. Mar. 15, 2022) (currently on appeal in this Court). As such, Marbella did not have to seek summary judgment to obtain the interim remedy of appraisal. *See, e.g.*, *First Protective Ins. Co. v. Colucciello*, 276 So. 3d 456, 458 (Fla. 5th Dist. Ct. App. 2019) (agreeing with insurer that "the Florida Supreme Court has held this to be not a dispute over coverage but, instead, merely a disagreement between the parties to the insurance contract on the amount of the loss, which is an issue to be determined under the contract by an appraisal.").

## IV. THE DISTRICT COURT CORRECTLY HELD THAT MARBELLA'S SUPPLEMENTAL CLAIM SHOULD BE SUBMITTED TO APPRAISAL.

Empire claims that the District Court erred in permitting Marbella's supplemental claim for damages to windows and doors (a claim that Empire previously denied) to be subject to appraisal. BOA, at 38-42. Empire recognizes that the District Court had discretion to order appraisal on this claim, *id.* at 40, but nonetheless argues that the court should not have ruled on the motion to compel appraisal until after making a coverage determination on this "supplemental" claim. *Id.* at 40-42. Empire's contention is meritless.

It is axiomatic that District Courts have wide and almost unfettered discretion to control their dockets and the timing of when issues are decided in a case. *See Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District

courts have unquestionable authority to control their own dockets . . . , [which] includes broad discretion in deciding how best to manage the cases before them."). At the same time, because appraisal is a favored alternative-dispute-resolution mechanism that can streamline hurricane-related insurance litigation, it was well within the District Court's discretion to refer all Marbella-Empire loss disputes to appraisal. There is no prejudice to Empire, who retains the right to deny the claim even if it is appraised. [R. Vol. III at 557] ("If there is an appraisal, we will still retain our right to deny the claim.").

Indeed, Empire's approach would be nonsensical and inefficient. Suppose the District Court agreed with Empire and withheld Marbella's supplemental claim from appraisal. Assume further that the District Court, at the end of the litigation, agrees with Marbella that Empire's coverage determination on the supplemental claim was erroneous. In that plausible—indeed likely—scenario, the District Court would have lost the efficiency of already having an amount-of-loss determination on the supplemental claim. *See Sunshine State Ins. Co. v. Rawlins*, 34 So. 3d 753, 755 (Fla. 3d Dist. Ct. App. 2010) (affirming the lower court's order compelling appraisal and holding that it was not an abuse of discretion to allow appraisal to move forward even though certain coverage issues were open because doing so would conserve "judicial resources which might otherwise be required in resolving the factual and legal issues involved in the [coverage issue] by a relatively swift and informal

21

decision by the appraisers as to the amount of the loss"); *State Farm Fire & Cas. Co. v. Middleton*, 648 So. 2d 1200, 1203 (Fla. 3d Dist. Ct. App. 1995) (holding that if judicial economy is served, the court should compel appraisal to occur before or alongside a determination of coverage); *see also American Capital Assurance v. Leeward Bay at Tarpon Bay Condominium Association, Inc.*, 306 So.3d 1238, 1242-43 (Fla. 2d Dist. Ct. App. 2020) (affirming order compelling appraisal even though the claim was subsequently denied where the determination of the amount of loss was intertwined with the coverage issue).  In the end, the District Court had discretion to order the supplemental claim appraised, and that decision was not an abuse of discretion.

Finally, to the extent that Empire seeks to have this Court decide the merits of Empire's denial of Marbella's supplemental claim, *see* BOA, at 38-43, this Court should decline the invitation because the issue is not properly before this Court.  The District Court did not decide the merits of Empire's coverage determination, as Empire takes great pains to point out.  *Id.*  As such, this Court cannot, and should not, reach out and decide an issue that has not been addressed by the District Court in the first instance.  *See MSP Recovery Claims, Series LLC v. Metropolitan Gen. Ins. Co.*, 40 F.4th 1295, 1306 (11th Cir. 2022) ("Because the district court did not address these issues, we decline to do so here in the first instance.").

## V.    THE DISTRICT COURT CORRECTLY REFUSED TO REWRITE THE APPRAISAL PROVISION AND ADD NEW TERMS THAT EMPIRE FAILED TO INCLUDE IN ITS POLICY.

Empire's last argument is that the District Court should have inserted new conditions into the appraisal term of the insurance policy that favor its interests. BOA, at 43-50.  But courts are not in the business of re-writing contracts and saving Empire—a multi-billion insurance company—from a bargain that it no longer likes. *See Judy,* 291 So. 3d at 654; *Sassano*, 664 So. 2d at 1003.  To add terms to a contract, the contract terms must be ambiguous or the parties' course of conduct must confirm that their understanding differed from the terms of the writing.  *See id.*  That's simply not the case here, as Empire admits.  BOA, at 50 (conceding that the appraisal provision is not "deficient or vague").  That is why Empire's position is absurd on multiple levels, not the least of which is the well-settled principle that ambiguities in contracts are construed against the drafter, here Empire.  *See Washington Nat. Ins. Corp. v. Ruderman*, 117 So. 3d 943, 949 (Fla. 2013) (answering certified question from this Court: "nothing in [a prior 1979 decision] constitutes an implicit declaration that resort must be made to consideration of extrinsic evidence before an insurance policy is found to be ambiguous and construed against the insurer.").  Indeed, in *Berkshire Life Ins. Co. v. Adelberg*, 698 So. 2d 828 (Fla. 1997), the Florida Supreme Court held that "[i]t has long been a tenet of Florida insurance law that an insurer, as the writer of an insurance policy, is bound by the language of the policy,

which is to be construed liberally in favor of the insured and strictly against the insurer." *Id.* at 830.

Because contract principles defeat Empire's argument, Empire ignores them and says that the District Court's inherent powers and/or vague notions of due process required the court to re-write the appraisal provision by adding terms and requirements that Empire never included in its policy. BOA, at 44-50. There is simply no authority for Empire's far-fetched claim that courts are permitted to re-write parties' contracts on the basis of Article III powers or the Constitution. Such a rule guts freedom of contract, long-standing rules that restrict courts' powers to alter private-party bargains, and the Florida Supreme Court's repeated admonition that insurance policies are to be strictly construed against insurers.

## CONCLUSION

For the foregoing reasons, Empire's appeal should be dismissed for lack of Jurisdiction. If this Court concludes that it has jurisdiction to decide this appeal, the District Court's decision compelling arbitration should be affirmed.

Respectfully submitted,

COLELLA ZEFUTIE LLC

s/ *Ugo Colella*
Ugo Colella, Esq.
1300 I Street, N.W., Suite 400
Washington DC 20005
P: 202.920.0880 ext. 101
F: 202.920.0894

24

ucolella@czlaw.com

*Counsel for Plaintiff-Appellee*
*Marbella at Spanish Wells 1*
*Condominium Association, Inc.*

**CERTIFICATE OF COMPLIANCE**

I certify under Federal Rule of Appellate Procedure 32(g) that this Appellee's Brief complies with the word count, typeface, and font style requirements set forth in Federal Rule of Appellate Procedure 32(a) because this brief contains 7021 words and was generated using Microsoft Word 14-point Times New Roman font.

s/ *Ugo Colella*
Ugo Colella

## CERTIFICATE OF SERVICE

I certify that on October 28, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF filing system, which effects service on all counsel of record in the above-captioned matter.

s/ *Ugo Colella*

Ugo Colella
