UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
Case No.: 22-11782

MARBELLA AT SPANISH WELLS 1
CONDOMINIUM ASSOCIATION, INC.

*Plaintiff/Appellee*,

v.

EMPIRE INDEMNITY INSURANCE COMPANY

*Defendant/Appellant*.

---

**REPLY BRIEF OF APPELLANT
EMPIRE INDEMNITY INSURANCE COMPANY**

---

On Appeal from the
United States District Court for the Middle District of Florida
No. 2:21-cv-00641-SPC-MRM

BUTLER WEIHMULLER KATZ
CRAIG LLP

J. PABLO CÁCERES, ESQ.
Florida Bar No.: 131229
pcaceres@butler.legal
CHRISTIAN LEE GONZÁLEZ-RIVERA, ESQ.
Florida Bar No.: 1020707
cgonzalez-rivera@butler.lega1
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:  (813) 281-1900
Facsimile:   (813) 281-0900

*Counsel for Empire Indemnity Insurance Company*

Marbella At Spanish Wells I Condo. Ass'n., Inc. v. Empire Indemnity Insurance
Company, Case No. 22-11782

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rules of Appellate Procedure 26.1 and 28(a)(1), and 11th
Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Appellant, Empire Indemnity Insurance
Company, files this Certificate of Interested Persons and Corporate Disclosure
Statement.  The following is a full and complete list of all attorneys, persons,
associations of persons, firms, partnerships, or corporations that have an interest in
the outcome of this appeal.

1.    Butler Weihmuller Katz Craig LLP – Counsel for Appellant

2.    J. Pablo Caceres – Appellate Counsel for Appellant

3.    Christian Lee González-Rivera – Appellate Counsel for Appellant

4.    Empire Indemnity Insurance Company – Appellant

5.    Marbella at Spanish Wells 1 Condominium Association, Inc. –
Appellee

6.    Robert Gallagher – Counsel for Appellee

7.    Ugo Colella – Appellate Counsel for Appellee

*/s/ Christian Lee Gonzalez-Rivera*
CHRISTIAN L. GONZALEZ-RIVERA

Marbella At Spanish Wells I Condo. Ass'n., Inc. v. Empire Indemnity Insurance
Company, Case No. 22-11782

## CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1-1, Appellant, Empire Indemnity Insurance
Company, makes the following Corporate Disclosure:

Empire Indemnity Insurance Company is a wholly owned subsidiary of Empire
Fire and Marine Insurance Company, an Illinois corporation.  Empire Fire and
Marine Insurance Company is a subsidiary of Zurich American Insurance Company,
a New York corporation.  Zurich American Insurance Company is a wholly owned
subsidiary of Zurich Holding Company of America, Inc., a Delaware
corporation.  Zurich Holding Company of America, Inc. is wholly owned by Zurich
Insurance Company Ltd., a Swiss corporation.  Zurich Insurance Company Ltd. is
directly owned by Zurich Insurance Group Ltd., a Swiss corporation.  Zurich
Insurance Group Ltd. is the only publicly traded parent company, with a listing on
the Swiss stock exchange, and a further trading of American Depositary Receipts
(Stock Ticker: ZURVY).

/s/ *Christian Lee Gonzalez-Rivera*
CHRISTIAN L. GONZALEZ-RIVERA

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .................................................C-1

CORPORATE DISCLOSURE STATEMENT ..................................................C-2

TABLE OF CONTENTS................................................................................ i

TABLE OF CITATIONS ............................................................................... ii

INTRODUCTION ......................................................................................1

ARGUMENT ............................................................................................3

I.   This Court Must Review *De Novo* the Lower Court's Order and
     Report...........................................................................................3

II.  Compelling Appraisal Is Remedial and Injunctive in Nature ........................4

III. Compelling Appraisal Requires Summary Judgment ...................................10

IV.  Marbella's Supplemental Claim Is Not Appraisable....................................12

V.   The Court Erroneously Concluded It Lacked the Power to Impart
     Guidelines for Appraisal ..................................................................14

VI.  Marbella Failed to Preserve Many Arguments Raised Now on Appeal .......21

CONCLUSION .........................................................................................23

CERTIFICATE OF COMPLIANCE..........................................................24

CERTIFICATE OF SERVICE ...................................................................25

# TABLE OF CITATIONS

## Cases

*Allen v. Amica Mutual Ins. Co.*,
  No. 1:12-cv-49, 2013 WL 11927705 (N.D. Ga. Feb. 28, 2013) ...................20

*Cardwell v. Auburn Univ. Montgomery*,
  941 F.Supp.2d 1322 (M.D. Ala. 2013) ...........................................................5

*Ceballo v. Citizens Prop. Ins. Corp.*,
  967 So. 2d 811 (Fla. 2007) ...........................................................................18

*Cresthaven-Ashley Master Ass'n, Inc. v. Empire Indem. Ins. Co.*,
  No. 19-80959-civ, 2022 WL 873998 (S.D. Fla. Mar. 24, 2022)............ 18, 20

*Erie Railroad Co. v. Tompkins*,
  304 U.S. 64 (1938) ..........................................................................................8

*Ford v. American Security Ins. Co.*,
  No. 1:19-cv-20223-JLK, 2019 WL 6609239 (S.D. Fla. Dec. 5, 2019).........20

*Frank Martin Sons, Inc. v. John Deere Const. & Forestry Co.,*
  542 F.Supp.2d 101 (D. Me. 2008) .................................................................21

*Hepp v. Paul Revere Life Ins. Co.*,
  120 F.Supp.3d 1328 (M.D. Fla. 2015) ...........................................................7

*Heritage Prop. & Cas. Ins. Co. v. Veranda I at Heritage Links Ass'n, Inc.*,
  334 So. 3d 373 (Fla. 2d DCA 2022) .................................................. 3, 13, 14

*Humphrys v. Jarrell*,
  104 So. 2d 404 (Fla. 2d DCA 1958) ...............................................................6

*Island Roofing and Restoration LLC v. Empire Indem. Ins. Co.*,
  2022 WL 4305922 (M.D. Fla. Sept. 19, 2022).............................................20

*Johnson v. Nationwide Mut. Ins. Co.*,
  828 So. 2d 1021 (Fla. 2002) ................................................................. 13, 20

*Jones v. Bank of America, N.A.*,
  564 F. App'x 432 (11th Cir. 2014)..................................................................4

*Jossfolk v. United Property & Cas. Ins. Co.*,
  110 So. 3d 110 (Fla. 4th DCA 2013)............................................................18

*McLaurin v. Terminix Int'l Col., LP*,
  13 F.4th 1232 (11th Cir. 2021) ......................................................................3

*Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.*,
 621 F.3d 10 (1st Cir. 2010)..............................................................1

*Metal Products Co., LLC v. Ohio Security Ins. Co.*,
 No. 21-11612, 2022 WL 104618 (11th Cir. Jan. 11, 2022) ..........18

*Mock v. Bell Helicopter Textron, Inc.*,
 373 Fed. Appx. 989 (11th Cir. 2010) .............................................7

*New Amsterdam Cas. Co. v. J.H. Blackshear, Inc.*,
 156 So. 695 (Fla. 1934) ................................................................19

*People's Trust Ins. Co. v. Fernandez*,
 317 So. 3d 207 (Fla. 3d DCA 2021)..............................................12

*People's Trust Ins. Co. v. Nowroozpour*,
 277 So. 3d 135 (Fla. 4 DCA 2019)..............................................5, 6

*People's Trust Ins. Co. v. Vidal*,
 305 So. 3d 710 (Fla. 3d DCA 2020)..............................................12

*Shaw v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
 605 F.3d 1250 (11th Cir. 2010) ....................................................17

*Shoemaker v. Lumbermens Mut. Cas. Co.*,
 176 F.Supp.2d 449 (W.D. Pa. 2001) ..............................................1

*Simkins v. City of Belleville, Ill.*,
 2010 WL 1849348 (S.D. Ill. May 7, 2010) ....................................5

*Skyjet, Inc. v. CSDS Asset Mgmt., LLC*,
 No. 22-cv-21651, 2022 WL 4769113 (S.D. Fla. July 7, 2022)......6

*Swann v. Secretary, Georgia*,
 668 F.3d 1285 (11th Cir. 2008) ....................................................11

*Triton Renovation, Inc. v. Empire Indemnity Ins. Co.*,
 No. 2:20-cv-432-JLB-NPM, 2021 WL 2291363 (M.D. Fla. June 4,
 2021) ............................................................................................17

*U.S. v. Certain Lands in Jackson County, Mo.*,
 69 F.Supp. 565 (W.D. Mi. Jan. 25, 1947) ......................................6

*Williams v. SunTrust Banks, Inc.*,
 280 F. App'x 885 (11th Cir. 2012)................................................11

**Other Authorities**

Alfred Hayes, *Specific Performance of Contracts for Arbitration or Valuation*, 1 CORNELL L. REV. 225, 225 (1916)...............................................9

Sidney Simpson, *Specific Enforcement of Arbitration Contracts*, U. PENN. L. REV. 160, 161, 176 (1934)...............................................................9

Wesley A. Sturges & William W. Sturges, *Appraisals of Loss and Damage Under Insurance Policies*, 13 U. MIAMI L. REV. 1, 9, 13 (1958)...................9

# INTRODUCTION[1]

Marbella raises new arguments on appeal that it allowed neither the lower court nor Empire to consider below. Those arguments fail to persuade or even address Empire's authorities on the several procedural questions of first impression before the Court. Marbella's repeated colorful disparagement of Empire's appeal [A.B. 3-4, 11, 23 ("carpet-bomb[ing];" "boring;" "rambling;" "extraordinary;" "absurd")] is nothing but "high rhetoric" "ignor[ing] the . . . [law]"[2] and "masquerading as litigation."[3]

Below, the district court carved out an unprecedented and unjustified procedural exception in insurance cases when compelling appraisals. The Federal Rules of Civil Procedure do not authorize that exception. Without considering the proper procedural vehicle, district courts in this Circuit now improperly mirror what Florida state courts have been doing procedurally to compel appraisal ever since the Florida Supreme Court decided that appraisals are not governed by the Arbitration Code: they entertain mere motions to compel appraisal, traveling under no rule,

---

[1] The following abbreviations are used throughout the brief: (1) "J.B. at __" for Empire's Jurisdictional Brief; (2) "I.B." for Empire's Initial Brief; (3) "A.B." for Marbella's Answer Brief; and (4) "A. Vol. __ at __" for Empire's Appendix on Appeal.

[2] *Shoemaker v. Lumbermens Mut. Cas. Co.*, 176 F.Supp.2d 449, 456 (W.D. Pa. 2001).

[3] *Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010).

untethered to pleading, unmoored from fact or law, and unburdened by the requirements of injunctive relief or summary judgment. There is no precedent for summarily obtaining contractual relief, such as appraisal, in federal court without following appropriate procedure to that end.

In this case, Marbella has at all times intended to seek appraisal as part of the relief it vaguely pleaded in its Complaint. Yet, it moved to compel it, in its own words, as if it were mediation or discovery relief. Alarmingly, the lower court blessed this maneuvering. This has thrown a wrench into our historical, doctrinal, and procedural understanding of appraisal enforcement. And it has made appraisal enforcement less predictable, less rule-based, less attendant to due process, and less tethered to precedent and history.

## ARGUMENT

## I.     This Court Must Review *De Novo* the Lower Court's Order and Report

Marbella agrees that *de novo* review applies to all issues in this case except for one [A.B. 9]. Empire welcomes the concession but objects to the alleged exception.

Marbella argues that the court's legal conclusion about whether its admittedly supplemental windows and doors claim was appraisable despite Empire's whole denial of it on the basis of statute is, somehow, a matter of "discretion" [A.B. 10 (citing *McLaurin v. Terminix Int'l Col.*, LP, 13 F.4th 1232, 1237 (11th Cir. 2021))]. Yet, *McLaurin* does not stand for that proposition. It involved an appeal from confirmation of an arbitral award and only reviewed for abuse of discretion "decisions related to timing issues" in litigation. *McLaurin*, 13 F.4th at 1237.

Nor could *McLaurin* stand for such proposition, since this would cut against Florida law and common understanding about what a legal question is. *Heritage Prop. & Cas. Ins. Co. v. Veranda I at Heritage Links Ass'n, Inc.*, 334 So. 3d 373, 375-76 (Fla. 2d DCA 2022) (reviewing "*de novo*" whether court correctly compelled appraisal, where insurer "acceded to the initial claim for roof repairs but wholly denied [insured's] supplemental claim for damages to the windows and doors"). Such a determination is not one of "timing" or the "order" of appraisal vis-à-vis coverage determinations. **It is a legal conclusion on whether the claim is a**

3

**supplemental one (under the Policy or statute) and whether, as such, it is appraisable given Empire's denial**. To label that discretionary would have discretion swallow up most legal reasoning on appraisal by lower courts, including such related issues as waiver.

## II.    Compelling Appraisal Is Remedial and Injunctive in Nature

Marbella has failed to sufficiently rebut Empire's arguments that compelling appraisal constitutes injunctive, specific performance relief.

First, Marbella chooses to ignore and not address the appellate authorities from other jurisdictions that have treated or continue to treat orders compelling insurance appraisal as injunctive in nature or constituting specific performance of a policy [*compare* A.B. 13-14, *with* I.B. 25-28 (collecting authorities)]. To justify its failure to address these authorities, Marbella mischaracterizes them as standing solely for the proposition that compelling appraisal constitutes specific performance relief only when parties already seek it as specific performance [A.B. 13]. **This is not correct.**

As a the authorities make clear, courts in and out of this jurisdiction have treated motions to compel appraisal as motions seeking specific performance or summary judgment on specific performance even when the pleadings did not expressly seek specific performance [I.B. 25 (collecting authorities)]. Thus, Marbella has conceded the issue or waived any argument against the persuasiveness

of these authorities. *Jones v. Bank of America, N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[W]hen a party fails to respond to an argument or otherwise address a claim, the [c]ourt deems such argument or claim abandoned."); *Cardwell v. Auburn Univ. Montgomery*, 941 F.Supp.2d 1322, 1329 (M.D. Ala. 2013) (plaintiff effectively conceded argument by failing to respond to it).

Instead, Marbella again relies solely on lower court rulings from this Circuit to support its view that Empire's specific argument is incorrect [A.B. 13-14]. Empire has already addressed the lack of persuasive value of such rulings [I.B. 29-34], and Marbella has not responded to Empire's analysis, thereby waiving, again, any issue. Marbella does rely on one appellate authority in support of its argument that "parties can compel appraisal by motion" without being required to "plead" injunctive relief: *People's Trust Ins. Co. v. Nowroozpour*, 277 So. 3d 135 (Fla. 4 DCA 2019) [A.B. 13].

But Empire has already distinguished *Nowroozpour* [I.B. 30-32]. Despite having the benefit of Empire's briefing, Marbella has *again* chosen not to respond to Empire's analysis [A.B. 13-14]. It cannot deny that *Nowroozpour*'s statement on this issue is *obiter dicta*, not even *judicial dicta*. *See Simkins v. City of Belleville, Ill.*, 2010 WL 1849348, at *5 (S.D. Ill. May 7, 2010) ("Where a pronouncement by a court is not necessary to the disposition of the case, as is the situation in this case, the pronouncement is dicta. Dicta comes in two forms:  obiter and judicial. Obiter

dicta are comments by a court uttered as an aside and are generally not binding or precedential. Judicial dicta, on the other hand, are comments that involve an issue briefed and argued by the parties, although they are not necessary to the case.").[4]

Second, Marbella erroneously implies that specific performance requires a *final* judgment on the merits [A.B. 14 (citing *Skyjet, Inc. v. CSDS Asset Mgmt., LLC*, No. 22-cv-21651, 2022 WL 4769113, at *6 (S.D. Fla. July 7, 2022) and *Humphrys v. Jarrell*, 104 So. 2d 404, 408 (Fla. 2d DCA 1958))]. Empire has consistently argued that what specific performance requires, whether at the state or federal diversity level, is *either* a partial summary judgment *or* a final judgment [I.B. 35-38]. In the insurance appraisal context, a partial summary judgment on appraisal is what ordinarily would be required. And this is exactly what *Skyjet* and *Humphrys* stand for, although neither addresses the insurance context. *Skyjet* quotes *Humphrys* and *Humphrys* clearly states that, by "judgment on the merits," it refers to "summary judgment." 104 So. 2d at 407-408. If Marbella suggests that, by "judgment on the merits," either case means *final judgment* rather than partial summary judgment, then this is wrong. On the other hand, if Marbella means partial summary judgment by "judgment on the merits," Empire agrees.

---

[4] *Compare also U.S. v. Certain Lands in Jackson County, Mo.*, 69 F.Supp. 565, 569 (W.D. Mi. Jan. 25, 1947) ("[J]udicial dictum, as distinguished from obiter dictum, becomes an authoritative statement when it is expressly declared by a court and announced as a guide for future conduct."). The question on appeal in this case was not briefed or argued by the parties in *Nowroozpour*.

Third, Marbella fails to respond to Empire's authorities deeming judicial compelling of appraisal injunctive relief and instead "incorporates" its argument from its motion to dismiss the appeal [A.B. 16]. Such passing mention, just like arguments entirely buried in footnotes, fails to sufficiently raise or preserve an argument. *Mock v. Bell Helicopter Textron, Inc.,* 373 Fed. Appx. 989, 992 (11th Cir. 2010) ("[B]ecause [appellant] mentions its . . . argument in passing . . . and does not elaborate on it in any further detail . . . we deem this argument waived."). And Marbella's failure to address Empire's specific argument in this regard also amounts to waiver.

Fourth, Marbella incorrectly asserts that "federal procedure has no bearing" on whether or how appraisal is compelled [A.B. 16-17 (citing, among other distinguishable cases, *Hepp v. Paul Revere Life Ins. Co.*, 120 F.Supp.3d 1328, 1334 (M.D. Fla. 2015))]. **None of the few authorities Marbella cites stand for this proposition**. *Hepp* merely notes that, in determining what counts as a material fact for purposes of summary judgment in an insurance claim, a federal court looks to Florida substantive law. 120 F.Supp.3d at 1334. Neither *Hepp* nor any other authority cited involved compelling appraisal or a challenge to the proper procedure for courts to enforce that right. The bulk of Marbella's cites go to the proposition that courts should not rewrite a contractual bargain [A.B. 17]. But this is irrelevant

to the *Erie*[5] question of whether, as a matter of procedural jurisdiction or civil procedure, Marbella's right to compel appraisal, while defined by Florida substantive law, is nevertheless to be enforced through proper federal procedure. Empire has extensively argued in the affirmative [I.B. 26-29, 32]. Marbella, *yet again*, has chosen not to address any of Empire's appellate and other authorities for the proposition that both generally and specifically in the insurance appraisal context procedural access to the substantive right is governed by federal procedure in diversity cases.

Lastly, Marbella fails to respond to Empire's concern about clear unfairness and arbitrariness in the consequences of Marbella's theory of compelling appraisal [A.B. 18]. Among other things, Empire has argued that, if Marbella is correct and parties may, at their choice, seek to compel appraisal *either* by pleading themselves into a *higher burden* (e.g., specific performance, injunction, etc.) *or* not pleading the relief at all and choosing a *lighter burden* (e.g., merely moving for it as if moving for discovery relief), then it follows that, in insurance cases, parties may seek and obtain *the same relief* through alternative means at their convenience. Since one of those means (i.e., the higher burden) afford the non-moving party substantially higher procedural and pleading safeguards, while the other does not, it is both

---

[5] *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

arbitrary and unfair for non-moving parties to be at the mercy of a movant's choice [I.B. 34-35]. Clearly, movants will more often than not choose the lighter burden.

Rather than respond to this argument, Marbella has unsurprisingly chosen to raise distracting and irrelevant points about the re-writing of contracts. For example, Marbella suggests that, if Empire wanted judicial compelling of appraisal to follow any procedure, it should have written those into the Policy [A.B. 18]. Marbella misses Empire's point. Here's why.

Our common law history shows that, "almost uniformly" courts "[would] not specifically enforce" appraisal and, when at all done, it required an exceptional showing of specific performance [I.B. 26 n.24 (citing Alfred Hayes, *Specific Performance of Contracts for Arbitration or Valuation*, 1 CORNELL L. REV. 225, 225 (1916); and Wesley A. Sturges & William W. Sturges, *Appraisals of Loss and Damage Under Insurance Policies*, 13 U. MIAMI L. REV. 1, 9, 13 (1958))]. Nor would they enforce full arbitration provisions. Nationwide, courts declined compelling appraisal unless and until statutes empowering them to do it were enacted [I.B. 12 n.13 (citing Sidney Simpson, *Specific Enforcement of Arbitration Contracts*, U. PENN. L. REV. 160, 161, 176 (1934) (noting widespread judicial refusal to compel appraisal and arbitration provisions even "in spite of the manifest inadequacy of the legal remedy," and explaining that any change to make appraisal judicially enforceable must be legislated))].

Well, state legislatures (and, eventually, Congress) eventually enacted statutes to empower courts to enforce arbitration agreements. But only few states expressly included appraisal clauses in those statutes. Florida's legislature never cared to include appraisal agreements in its Arbitration Code and, despite decades-long confusion, the Florida Supreme eventually clarified that no aspect of appraisal travels under the Arbitration Code. So it is not Empire that misapprehends the history of compelling appraisal, but Marbella and the few district court rulings it relies on, as Empire's authorities demonstrate.

**What Marbella advocates  is filling in the legislative gap in Florida's statutory regime by judicial fiat to afford parties seeking appraisal a remedy that the Legislature has clearly not cared to incorporate, afford, and regulate.** Rather than falling back on the common law default of specific performance, Marbella and the lower courts in this Circuit ignore it and are content to invent the new concept that compelling appraisal is non-remedial and identical to discovery relief. In their opinion, two hundred years of common law to the contrary constitute little best left behind today's better understanding. One unmoored from law, history, or procedure.

## III.   Compelling Appraisal Requires Summary Judgment

Despite agreeing, early on, that specific performance requires some adjudication of the merits [A.B. 14], Marbella later changes course and argues that

compelling appraisal does not require such adjudication [A.B. 19]. Clearly, Marbella argues this because it does not concede that appraisal constitutes specific performance to begin with. It is wrong.

First, Marbella's appellate authorities in support of its argument that compelling appraisal does not require any, not even partial, adjudication of one or more facts or legal elements of any pending count or defense, are inapposite [A.B. 19-20 (citing *Swann v. Secretary, Georgia*, 668 F.3d 1285 (11th Cir. 2008); *Williams v. SunTrust Banks, Inc.*, 280 F. App'x 885 (11th Cir. 2012))]. **None stand for that proposition.** *Swann* involved an inmate's complaint about not receiving an electoral ballot. 668 F.3d at 1285. *Williams* involved the dismissal of a discrimination suit. 280 F. App'x at 884. And yet, Marbella cites these in purported *direct support* of its argument on appraisal. Because Marbella, yet again, chose not to address Empire's authorities on this issue, it has waived any argument against them or conceded their persuasiveness.

Second, Marbella relies on lower court rulings, most of which are currently on appeal, in support of its argument that compelling appraisal does not require summary judgment [A.B. 19-20]. Despite Empire's extensive briefing, analysis, and distinction of such rulings below and on appeal [I.B. 37-38], Marbella has chosen not to respond to any of it. **None of these lower court rulings are precedential or persuasive.** And the few that elaborate some of their rationale are simply

11

unpersuasive. For example, all of them share the proposition that the right to compel appraisal is not remedial at all. This disregards Florida appellate precedent. The latter clearly holds that compelling appraisal constitutes a "**remedy** . . . [that] **upholds the terms** of the policy." *People's Trust Ins. Co. v. Fernandez*, 317 So. 3d 207, 211 (Fla. 3d DCA 2021) (emphasis added). Indeed, one that must be **pleaded or waived**. *People's Trust Ins. Co. v. Vidal*, 305 So. 3d 710, 715 (Fla. 3d DCA 2020) (insurer sufficiently invoked appraisal in counterclaim). Now, if a right must be pleaded not to be waived, how can it be afforded absent partial adjudication of that same pleading? If compelling appraisal be a remedy that upholds the Policy's bargain, how can courts relabel it a non-remedy? *That* kind of judicial "rewriting" ought not be allowed: a rewriting of common law history, Florida precedent, and the Policy.

## IV.   Marbella's Supplemental Claim Is Not Appraisable

Marbella fails to rebut Empire's argument that the supplemental claim for windows and doors is not appraisable because it fundamentally misunderstands it [A.B. 20].

First, Empire argues that Marbella's claim for windows and doors, which is *admittedly* supplemental [A.B. 20-21 (labeling its own claim "supplemental")], is not appraisable given Empire's whole denial of coverage for it [I.B. 38-42]. Contrary to Marbella's suggestion, Empire is *not* arguing that the lower court abused its

discretion and "should not have ruled on the motion to compel appraisal until after . . . a coverage determination on [that] claim" [A.B. 20].

Second, Empire has consistently argued that the court's determination of whether the supplemental claim is appraisable is a separate legal—not discretionary—conclusion that should have been in the negative. The lower court should have determined, as a matter of fact and law, whether the claim constituted a supplemental one and, whether under *Johnson*,[6] Empire was required to appraise it despite wholly denying coverage for it. Contrary to Marbella's suggestion, Empire does not wish for the lower court to adjudicate coverage over the supplemental, claim before appraisal of the initial claim: Empire merely seeks that the lower court deny appraisal of the supplemental claim, even if it compels appraisal of the initial claim, and any coverage adjudication of both claims can still take place after any appraisal. As per *Veranda*, even if appraisal of the initial claim was warranted and happened before any coverage adjudication, the supplemental claim cannot be appraised and any amount of loss must be tried in court after appraisal of the initial claim is completed.[7]

---

[6] *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021 (Fla. 2002).

[7] Empire is not conceding that appraisal of the initial claim is appropriate, but is explaining instead what should or should not happen with the adjudication of the supplemental claim even if, for the sake of argument, appraisal of the initial claim took place.

13

Instead, Marbella has the issue backwards and continues to mischaracterize the relevant precedent on it. Insisting that the matter is one of discretion over timing, Marbella cites only irrelevant and inapposite cases [A.B. 21-22]. **Notably, Marbella has made every effort to avoid briefing and responding to the only Florida appellate authorities on this issue cited by Empire** [I.B. 38-40 (discussing *Veranda* and *American Coastal*)]. Again, this constitutes a concession of the issue.

Third, Marbella pivots yet again to policy arguments, contenting itself with disparaging Empire's legal arguments [A.B. 21]. **These policy arguments are also wrong.** Marbella argues that, if the court denies appraisal of the supplemental claim but later concludes that the claim is covered by the Policy, then it will have lost the benefit of an already-adjudicated amount of loss (through appraisal) [A.B. 21]. But this misses the point of *Veranda* and *American Coastal*. In Marbella's hypothetical scenario, the court will lose nothing if, indeed, the supplemental claim is not appraisable to begin with, in which case the court will then try the amount of loss as it would any other dispute. The hypothetical illustrates Marbella's misunderstanding of the issue.

## V. The Court Erroneously Concluded It Lacked the Power to Impart Guidelines for Appraisal

Marbella's two-paragraph response fails to address, let alone rebut, Empire's eight-page argument that the lower court had the power to prescribe some reasonable guidelines for appraisal and erred in concluding that it did not [A.B. 23-24].

First, Marbella fails to respond at all [A.B. 23-24] to Empire's specific argument that the lower court erred in reviewing the reasonable guidelines issue for abuse of discretion rather than *de novo* [I.B. 43]. This, coupled with Marbella's statement that all issues on appeal should be reviewed de novo except for the appraisal of the supplemental claim [A.B. 9-10], clearly amounts to a concession that the lower court erred in failing to review the reasonable guidelines issue *de novo*.

Second, rather than address Empire's authorities and argument, Marbella briefly concludes that Empire's reference to "inherent powers and/or vague notions of due process" is "far-fetched" and based on no authorities [A.B. 24]. Of course, Empire carefully developed three arguments, spanning eight pages and dozens of cases and other authorities, showing how the court below *did* have power to impart reasonable guidelines for appraisal under the facts of this case: its inherent powers to manage the case, its powers to tailor specific performance relief under Rule 65, and its power to enforce the parties' rights to minimal due process [I.B. 44-47]. **Marbella addresses none of these arguments. Instead, it disposes of them by labeling them in some colorful way, outsourcing its duty to respond and distinguish Empire's authorities to this Court.**

Third, although unclear, Marbella does raise *one* argument that it may intend against all three sources of authority claimed by Empire for the Court's power to impart guidelines: that any such power would necessarily entail an impermissible

15

rewriting of the Policy [A.B. 23-24]. Empire already analyzed and rejected this argument in its briefing [I.B. 47-50]. It has also extensively shown how, under *any* one of the three different kinds of judicial power to impart them, **reasonable guidelines can be consistent with, though not expressed in, the Policy** [A.B. 48-49]. Yet again, Marbella has chosen to ignore these textual arguments considering the Policy's specific language and as a whole. This operates a waiver or concession of the issue.

Regardless, Marbella's concern is unfounded. **At any rate, the concern alone does not substitute for the heavy work of showing that, as a matter of judicial power and Policy interpretation, no reasonable guidelines are permissible**. To begin with, Marbella itself requested a judicial instruction requiring the appraisers to use an itemized award form [A. Vol. 2 at 304 ("[T]he appraisal panel could use a detailed line-item appraisal award form that would define or reserve certain issues or allocations to the extent court involvement is required.")]. But if its newly-found argument were true that no guidelines can be imparted unless expressed in the Policy, why would Marbella ask for this instruction? After all, it is because the Policy does not expressly require it that the Honorable Magistrate rejected Marbella's own request [A. Vol. 3 at 500], and not just Empire's requests. Simply put, Marbella came to embrace the Honorable Magistrate's reasoning on this issue only after the report issued. Respectfully, that reasoning is erroneous.

Empire acknowledges that the Policy does not expressly "require" any particular procedure. Rather, it *impliedly requires or allows* certain procedures and limitations. Thus, Marbella's reference to the general principle against rewriting of contracts is inapposite: **the lower court would not be rewriting, but supplementing, based on the language, structure, and purpose of the appraisal provision and the Policy as a whole,** not merely based on Empire's arbitrary desires. *Shaw v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 605 F.3d 1250, 1252 (11th Cir. 2010) ("[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect").

**Supplementation through construction is what all courts, including Florida courts, do in the context of many of the issues surrounding appraisal.** *See, e.g., Triton Renovation, Inc. v. Empire Indemnity Ins. Co.*, No. 2:20-cv-432-JLB-NPM, 2021 WL 2291363, at *5 (M.D. Fla. June 4, 2021) ("While appraisal provisions like the one at issue here do not expressly condition either party's unilateral right to invoke the appraisal process on any amount of compliance with the insured's post-loss duties . . . Florida's courts, at least in some circumstances, have constructively conditioned an insured's right to invoke appraisal on substantial compliance with the policy's post-loss duties.") (emphasis added). The question is not whether the Policy expressly mirrors a judicial construction, but whether the

construction is a reasonable one. The critical portions of Policy language and concepts and purposes underlying them support Empire's construction. Here's how.

Start with the appraisal provision: it empowers the appraisers only to determine the "amount" of "loss" or "damage." Under the Policy, as construed by Florida law, neither an improperly calculated Actual Cash Value ("ACV") nor un-accrued Replacement Cost Coverage ("RCV") or Ordinance or Law ("O&L") benefits constitute "loss" or "damage." This is because of how the Policy actually defines loss or damage—as physical—and how Florida law defines ACV (*i.e.,* as excluding matching and other costs of future damage) [I.B. 49 n.47] and RCV and O&L (*i.e.,* as claims for reimbursements of expended costs). *See Cresthaven-Ashley Master Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 19-80959-civ, 2022 WL 873998, at *4 (S.D. Fla. Mar. 24, 2022) (dismissing claim for unspent amounts in O&L benefits on eve of trial for lack of Article III ripe controversy); *Jossfolk v. United Property & Cas. Ins. Co.*, 110 So. 3d 110, 111 (Fla. 4th DCA 2013) ("[P]rior [appraisal] proceeding had not appraised Ordinance and Law coverage, **nor could it because none had been incurred at the time of the appraisal**.") (emphasis added); *Metal Products Co., LLC v. Ohio Security Ins. Co.*, No. 21-11612, 2022 WL 104618, at *2 (11th Cir. Jan. 11, 2022) (affirming summary judgment on RCV for lack of expended money and completed repairs) (citing *Ceballo v. Citizens Prop. Ins. Corp.*, 967 So. 2d 811, 815 (Fla. 2007)).

Yes, the property has been damaged. Empire does not deny that. Yet, not all of the damage alleged by Marbella—including matching costs and unexpended costs for non-completed repairs seeks to recover—is appraisable or should be included in any appraisal award. Although there is a dispute between the parties as to the kinds of future replacement costs calculated in the process of ascertaining ACV, there is no "dispute" about the inexistence of separate Replacement Cost Coverage benefits since the latter are limited to amounts actually spent on completed repairs. Appraisal is not appropriate for calculating amounts other than: (1) a properly calculated ACV; or (2) RCV **based solely on actual expenditures, not estimates**.[8]

Because appraisal is a mechanism to liquidate an unspecified and disputed amount of loss, appraisal of RCV or O&L benefits on any terms but actual evidence of actual orincurred expenses and completed repairs entails "a purely speculative appraisal of damages as to which it may be contended no liability at all exists." *New Amsterdam Cas. Co. v. J.H. Blackshear, Inc.*, 156 So. 695, 696 (Fla. 1934). So, the Policy allows and even contemplates that the critical amounts to be appraised be appraised in accordance with their coverage meanings. Clearly, instructions **enforcing** those Policy restrictions do not "rewrite" anything. It is Marbella that

---

[8] RCV benefits are different from ordinary "replacement cost" estimates used in ascertaining ACV. The former are benefits payable only on condition of actual expenses and completed repairs. The latter are a methodological fiction or estimate in calculating ACV. These are different concepts.

seeks to avoid the Policy's express and reasonably implied terms and conditions, as well as the definitions of "loss" and "damage" in the appraisal provision.

Logic confirms this. As district court judges have explained in this Circuit, where repairs have not been completed or paid for, Replacement Cost Coverage and Ordinance or Law benefits could—and inevitably do—actually end up being higher or lower than what appraisers may initially make of them, ensuring hardship for at least one party in either scenario if their mere estimate controlled. *Compare Cresthaven-Ashley Master Ass'n, Inc.*, 2022 WL 873998, at *4 ("[I]t is entirely possible that the actual Ordinance-or-Law-related costs are greater than the amount estimated by the award."), *with Island Roofing and Restoration LLC v. Empire Indem. Ins. Co.*, 2022 WL 4305922, at *7 (M.D. Fla. Sept. 19, 2022) (same in RCV context, adding that costs could actually be less).

Insureds like Marbella are required to accrue a claim first, present it to Empire, and only sue if Empire has breached by wrongfully denying a ripe claim. **Instead, insureds like Marbella sue to appraise inexistent claims never properly presented to Empire to begin with—un-accrued claims as to which, as this Court has explained, Empire could not have breached as a matter of law.** *Metal Products Co., LLC*, 2022 WL 104618, at *2. They seek to appraise RCV or O&L absent repairs believing such an award will ripen or usher a claim into existence.

20

If RCV or O&L benefits were an amount the Policy intended to fall under the appraisal of "loss" or "damage," then, given *Johnson* (which makes the appraisers' determination of the amount of "loss" or "damage" inalterable), how can the Policy's Replacement Cost Coverage requirements that such benefits not be paid absent "actual" expenditure in a "necessary" and "reasonable" amount ever be enforced? To construe the Policy's appraisal provision's reference to "loss" and "damage" as encompassing hypothetical amounts that can only contingently become payable under Replacement Cost Coverage would have *Johnson* render such Policy terms surplusage, null, and void. A result clearly not contemplated or considered by the Policy or *Johnson*.[9]

## VI.    Marbella Failed to Preserve Many Arguments Raised Now on Appeal

Lastly, it will stand out to the Court that many of the appellate authorities cited by Marbella throughout its brief were not raised below. "Parties must take before the magistrate, not only their best shot but all of their shots." *Frank Martin Sons, Inc. v. John Deere Const. & Forestry Co.,* 542 F.Supp.2d 101, 107 (D. Me. 2008). Empire

---

[9] The fact that courts often—though not always—disregard appraisal awards of RCV or O&L benefits where repairs are not completed or money spent, *see, e.g., Ford v. American Security Ins. Co.*, No. 1:19-cv-20223-JLK, 2019 WL 6609239, at *3 (S.D. Fla. Dec. 5, 2019) (reducing award by subtracting prior payments and granting summary judgment to insurer); *Allen v. Amica Mutual Ins. Co.*, No. 1:12-cv-49, 2013 WL 11927705, at *6 (N.D. Ga. Feb. 28, 2013) (RCV component of appraisal award not owed absent completed repairs), supports Empire's argument that such hypothetical amounts are not intended to be appraised and represent both a distortion of the Policy and a waste of resources that will not be enforced.

objects to all arguments not raised by Marbella below [A. Vol. I at 91-179; Vol. II at 302-54; Vol. III at 521-37], as well as any authorities raised now on appeal that, rather than further support an argument raised below, stand for **entirely new** arguments or propositions. This is particularly true of all arguments and authorities raised by the Honorable Magistrate or the District Court themselves on behalf of Marbella that were, nevertheless, not found in Marbella's own briefing.

## CONCLUSION

Empire respectfully asks this Court to reverse the Honorable District Court

Judge's appraisal order and remand for further proceedings.

BUTLER WEIHMULLER KATZ CRAIG LLP

*s/Christian Lee Gonzalez-Rivera*

J. PABLO CÁCERES, ESQ.
Florida Bar No.: 131229
pcaceres@butler.legal
CHRISTIAN GONZÁLEZ-RIVERA, ESQ.
Florida Bar No. 1020707
cgonzalez-rivera@butler.lega1
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Counsel for Empire Indemnity Insurance Company*

**CERTIFICATE OF COMPLIANCE**

Appellants brief complies with the word and page limits of the Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding all parts of the document exempted by rule 32(f), this document contains 5,630 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word in size 14 font.

/s/ *Christian Lee Gonzalez-Rivera*
CHRISTIAN L. GONZALEZ-RIVERA

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

on all counsel of record on November 18, 2022, via the CM/ECF system.

/s/ *Christian Lee Gonzalez-Rivera*

CHRISTIAN L. GONZALEZ-RIVERA